IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ALEJANDRA CRUZ, )
)
    Plaintiff, )
)
v. ) CASE NO. CV422-167
)
BURLINGTON COAT FACTORY )
WAREHOUSE CORPORATION; TRU 2005 )
RE I, LLC; and XYZ Corp. 1-2; )
)
    Defendants. )
)

**O R D E R**

Before the Court are Defendant Burlington Coat Factory Warehouse Corporation's Response to Order to Show Cause (Doc. 8) and Amended Notice of Removal (Doc. 9), filed in response to the Court's order directing Defendant Burlington to demonstrate that this Court has subject matter jurisdiction (Doc. 5, Attach. 1). For the following reasons, the Court finds that Defendant Burlington has failed to establish this Court has subject matter jurisdiction and **REMANDS** the case to the State Court of Chatham County, Georgia.

**BACKGROUND**

On June 8, 2022, Plaintiff Alejandra Cruz filed her complaint in the State Court of Chatham County, Georgia, alleging that she slipped and fell in Defendant Burlington's store. (Doc. 1, Attach. 1 at 7.) On July 8, 2022, Defendant Burlington removed the case to

this Court based on diversity jurisdiction. (Doc. 1 at 2.) In its notice of removal, Defendant Burlington alleged that "Defendant Tru 2005 RE I, LLC is a Delaware limited liability corporation with its principal place of business in New York." (Id.)

On July 11, 2022, the Court directed Defendant Burlington to file an amended notice of removal establishing that the Court has subject matter jurisdiction. (Doc. 5, Attach. 1 at 3.) The Court explained that the Eleventh Circuit has held that "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, to properly allege the citizenship of an LLC, "a party must list the citizenships of all the members of the limited liability company[.]" Id. The Court specifically advised Defendant Burlington that "the general allegation that no member of an LLC is a Georgia citizen is insufficient for a defendant to carry its burden of establishing complete diversity between the parties." (Doc. 5, Attach. 1 at 2 (citing Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980).)[1] The Court notified Defendant Burlington that the notice of removal lacked information about the citizenship of Defendant Tru 2005 and instructed

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

Defendant Burlington list to all of the members of Defendant Tru 2005 and their citizenships in its amended notice of removal. (Id. at 3.) The Court warned Defendant Burlington that the failure to comply would result in the case being remanded for lack of subject matter jurisdiction. (Id.)

## LEGAL STANDARD

When it appears that subject matter jurisdiction may be lacking, "a federal court must inquire sua sponte into the issue[.]" Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000) (citation omitted). Relevant to this case, subject matter jurisdiction exists when the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332. "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." Rolling Greens MHP, L.P., 374 F.3d at 1022 (quotation omitted). The right to remove is strictly construed, and courts apply "a general 'presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.' " Scimone v. Carnival Corp., 720 F.3d 876, 882 (11th Cir. 2013) (quotation omitted). However, "[i]f a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party 'to cure

the omission[.]' " Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009) (quotation omitted).

Complete diversity requires that "no two adverse parties are citizens of the same state." Ranbaxy Lab'ys Inc. v. First Databank, Inc., 826 F.3d 1334, 1338 (11th Cir. 2016) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978)). As the Court has already explained, the Eleventh Circuit has held that "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P., 374 F.3d at 1022. To properly allege the citizenship of an LLC, "a party must list the citizenships of all the members of the limited liability company[.]" Id. "[W]hen an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." Purchasing Power, LLC v. Bluestem Brands, Inc., No. 1:12-CV-258-WSD, 2015 WL 73980, at *6 (N.D. Ga. Jan. 6, 2015) (quotation omitted). "A negative allegation of citizenship - i.e., that no members of [an] LLC . . . are citizens of a particular state - is insufficient." Doc Watson Enters., LLC v. LexisNexis Claims Sols., Inc., No. 1:17-CV-2421-AT, 2017 WL 11627763, at *1 (N.D. Ga. Oct. 4, 2017) (citing Purchasing Power, LLC, 2015 WL 73980, at *5).

**ANALYSIS**

On July 25, 2022, Defendant Burlington filed its response to the Court's show cause order (Doc. 8) and amended notice of removal (Doc. 9). Defendant Burlington advised the Court that its counsel did not represent Defendant Tru 2005 but stated that it "understands from counsel for [Defendant Tru 2005] that [Defendant Tru 2005] does not have any members that are residents of the State of Georgia."[2] (Id. at 2.) Defendant Burlington also referred the Court to a jurisdictional statement that Defendant Tru 2005 filed in another case in the Middle District of Georgia indicating that "none of [Defendant Tru 2005's] members are residents of the State of Georgia." (Id. at 2.) Based on this statement, Defendant Burlington alleged in relevant part that:

> [Defendant Tru 2005's] sole member is Target Propco LLC, a Delaware limited liability company. The sole member of Target Propco, LLC is Hill Street Properties, LLC, a Delaware limited liability company. It is understood none of the members of Hill Street Properties is a resident of the State of Georgia.

(Id. at 2-3.) Defendant Burlington also argued that it "understands this matter is removable as plaintiff filed a previous action arising out of the same occurrence that was removed to this district but then dismissed without prejudice[.]" (Id. at 3.) Finally, Defendant Burlington reiterated that Defendant Tru 2005

---

[2] It appears that Defendants Burlington and Tru 2005 are now represented by the same counsel. (See Docs. 6, 23, 24, 25.)

5

consented to removal. (Id.) In the alternative, Defendant Burlington requested, without citation to any authority, "that the Court enter an Order directing [Defendant Tru 2005] to [s]how such additional information" if the Court found additional information was "needed concerning the members of [Defendant Tru 2005.]" (Doc. 8 at 2.)

Because Defendant Burlington did not list the members of the Defendant Tru 2005 and their citizenships, the Court finds that Defendant Burlington has not established complete diversity of citizenship between the parties for the court to have subject matter jurisdiction. First, regardless of whether Defendant Burlington and Defendant Tru 2005 were represented by different counsel at the time of removal, Defendant Burlington, as the removing party, has the burden of establishing the citizenship of the parties. Rolling Greens MHP, L.P., 374 F.3d at 1022. Yet, despite the Court's instruction that the "general allegation that no member of an LLC is a Georgia citizen is insufficient" to carry a defendant's burden of establishing complete diversity between the parties (Doc. 5, Attach. 1 at 2 (citing Toms, 610 F.2d at 316)), Defendant Burlington used this method when alleging the citizenship of Hill Street Properties, LLC, one of the entities in the "factor tree" of Defendant Tru 2005's citizenship, Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1220 (11th Cir. 2017). Defendant Burlington's allegations about Hill Street

6

Properties, LLC, track the language previously rejected by the Court and fail to provide information necessary to determine if complete diversity exists: the members of the LLC and their citizenships.

Defendant Burlington also references another case Plaintiff Cruz filed against Defendants Burlington and Tru 2005 that Defendant Burlington removed to this Court. (Doc. 9 at 3.) In that case, neither the parties nor the Court raised the issue of subject matter jurisdiction before the parties stipulated to dismissal of the case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). <u>Cruz v. Burlington Coat Factory Warehouse Corp.</u>, 4:21-cv-00304-RSB-CLR, (Docs. 33, 34, 35).[3] "[L]ack of jurisdiction cannot be waived [or] . . . conferred upon a federal court by consent, inaction or stipulation[.]" <u>Fitzgerald v. Seaboard Sys. R.R., Inc.</u>, 760 F.2d 1249, 1251 (11th Cir. 1985) (quotation omitted). Additionally, a case must be remanded if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Thus, the other case the parties stipulated to dismiss does not confer or determine subject matter jurisdiction in this case currently

---

[3] Defendant Burlington incorrectly cites this case, "Cruz v. Burlington Coat Factory Warehouse Corporation, et al., Civil Action File No. 4:22-cv-00167-WTM-CLR," when referring to the other action previously removed to this District. (Doc. 9 at 3.) A search of the Court's records reveals that the only other case in which Ms. Cruz was the Plaintiff is 4:21-cv-00304-RSB-CLR.

7

before the Court. Moreover, to the extent Defendant Burlington contends the Court has subject matter jurisdiction because Defendant Tru 2005 consented to removal, that argument is equally unavailing for the same reasons.

The Court also denies Defendant Burlington's request for an order directing Defendant Tru 2005 to provide the information regarding its members and their citizenships. As the Court has now repeatedly emphasized, establishing the citizenship of the parties was Defendant Burlington's burden as the removing party. Rolling Greens MHP, L.P., 374 F.3d at 1022. Rather than utilizing discovery in state court or even moving for jurisdictional discovery,[4] Defendant Burlington attempts to shift its burden by asking this Court to order Defendant Tru 2005 to provide the information. Defendant Burlington was afforded an opportunity to cure the omission of Defendant Tru 2005's members and their citizenship but failed to correct the identified deficiency as instructed. Since

---

[4] The Court notes Defendant Burlington's failure to request jurisdictional discovery only to highlight Defendant Burlington's meager effort to demonstrate this Court's subject matter jurisdiction. Defendant Burlington's "remove first, ask questions later" approach, compared to utilizing discovery in state court, "is strongly disfavored as it incentivizes defendants to clog district courts with cases based on flimsy jurisdictional allegations and eases defendants' burden to establish a basis for diversity." Sherman v. Atain Speciality Ins. Co., No. 6:19-cv-979-Orl-40DCI, 2019 WL 10854445, at *1 n.1 (M.D. Fla. June 10, 2019). Even so, Defendant Burlington resorted to asking the Court to order Defendant Tru 2005 to provide the information instead of briefing why the Court should permit the parties to engage in jurisdictional discovery.

8

Defendant Burlington offered no other evidence to show complete diversity of citizenship between the parties or that federal jurisdiction otherwise exists, Defendant Burlington has not carried its burden, and this case must be remanded.

## CONCLUSION

For the foregoing reasons, the Court concludes Defendant Burlington failed to meet its burden to show that complete diversity exists between the parties and that this Court has subject matter jurisdiction. Pursuant to 28 U.S.C. § 1447(c), this matter is therefore **REMANDED** to the State Court of Chatham County, Georgia, for further proceedings. The Clerk of Court is **DIRECTED** to close this case.[5]

SO ORDERED this 3RD day of January 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[5] The Clerk of Court is also **DIRECTED** to terminate all other pending motions. (Docs. 10, 15, 20, 22, 26.)